**DEBEVOISE & PLIMPTON LLP**

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

May 22, 2014


Judge Paul A. Engelmayer
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2201
New York, NY 10007

Re: Doe v. Annucci et al. (14-cv-2953)

Dear Judge Engelmayer:

  On behalf of Plaintiffs, I am pleased to report that earlier today, Regional Director William Hogan issued the attached decision, reversing Bureau Chief Joseph Lima's determination and authorizing Plaintiff John Doe to have contact with his son.  After further discussion with Bureau Chief Rodney Young, who oversees the parole officers that supervise Mr. Doe in the Bronx, we have confirmed that contact between Mr. Doe and his son may occur immediately.

  Given these developments, the hearing scheduled for June 9th will likely be unnecessary.  However, we request that the hearing remain in place until we confirm that the family's reunification has occurred without incident.  Given the upcoming holiday weekend, we expect to make that determination by the middle of next week.


            Respectfully submitted,


             /s/ Blair R. Albom

            Blair R. Albom


CC: Michael Keane
Attachment

FORM 960fCS (07/13)



STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION

## Determination of the Regional Director

Case Name: __REDACTED__ __REDACTED__ __REDACTED__
             (Name)         (DIN)        (NYSID)

Address: __REDACTED__

Date: 5-22-2014

Mr./Ms. __REDACTED__,

After considering your appeal from the decision of Bureau Chief __Lima__ dated __2-21-2014__, the following constitutes the final decision of the Department in connection with your request to have parental contact with your biological/adoptive child(ren):

This decision is to resolve the single issue raised by __REDACTED__ __REDACTED__ in his appeal, to have contact with his son, __REDACTED__ and remains within the narrow scope of his request and the Parental Contact Protocol Directive.

At this time, the parole officer imposed special conditions "SO-no contact with minors" and "no contact with persons under eighteen", along with the Board imposed special condition "no contact with persons under eighteen, without the parole officer's permission" are modified to allow __REDACTED__ contact with his biological son, __REDACTED__.

(continued on 2nd sheet)

Very truly yours,

Regional Director

WILLIAM HOGAN
Regional Director
NYS Department of Corrections
and Community Supervision

cc: Bureau Chief
    Senior Parole Officer
    Parole Officer
    Attorney for the Releasee (*If any*)

REDACTED - 5/22/2014 - Page 2

  This may result in possible reunification with his son in the marital household.

  REDACTED however, is still subject to the original condition of his release. All other Board and parole officer imposed special conditions, S.O.R.A., S.A.R.A., as well as all other applicable statues, laws, codes, rules, etc. that he is subject to based on his status as a paroled sex offender.

  This decision does not preclude any future decision to bar REDACTED contact with his son based on emerging issues, conditions or circumstances which would indicate to a parole officer that he is likely to or has sexually reoffended any child.