UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE and JANE DOE, Individually and on behalf of M.S., an Infant,
as Next Friends,

                                                                           Plaintiffs,

- against –

ANTHONY ANNUCCI, Acting Commissioner of the New York State
Department of Corrections and Community Supervision; JOSEPH LIMA,
Bureau Chief of the Manhattan VI Area Office of the New York State
Division of Parole; Parole Officer EMILY SCOTT; Parole Officer
SIMON VALERIO; Senior Parole Officer RICHARD ROSADO;
Senior Parole Officer JAMES CAPPIELLO,

                                                                         Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ANTHONY ANNUCCI's
MOTION FOR RECONSIDERATION**
1:14 Civ. 2953 (PAE)

---

***GLEASON, DUNN, WALSH & O'SHEA***
Attorneys for Defendant Anthony Annucci
Office and P.O. Address
40 Beaver Street
Albany, New York 12207
(518) 432-7511

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... i

PRELIMINARY STATEMENT ............................................................................................. 1

FACTS ..................................................................................................................................... 2

POINT I

    THE MOTION FOR RECONSIDERATION
    SHOULD BE GRANTED. ............................................................................................. 2

    A.    This Court overlooked certain facts. ................................................................... 3

    B.    If this Court agrees that Commissioner Annucci's description of the class
        was not wrong, this Court should determine that the plaintiff John Doe's
        claims are barred by principles of claim preclusion and issue preclusion. ............ 4

    C.    The claims of Jane Doe and M.S. are likewise barred. ......................................... 5

CONCLUSION ......................................................................................................................... 6

# TABLE OF AUTHORITIES

## Cases

*Bill Diodato Photog., LLC v. Avon Products, Inc.*, 2012 WL 4335164, *1 (S.D.N.Y. 2012) .......... 3

*Conopco v. Roll Int'l Corp.*, 75 F.Supp.2d 196 (SDNY 1999) ............................................................ 5

*D.B. Zwirn Special Opportunities Fund L.P. v. Tama Broadcasting*, 550 F.Supp.2d 481 (SDNY 2008) ................................................................................................................................ 5

*DGM Investors, Inc. v. N.Y. Futures Exchange, Inc.*, 288 F.Supp.2d 519 (S.D.N.Y. 2003) ........... 3

*Doe v. Overfield*, U.S.D.C., W.D.N.Y., 6:08-CV-06294 .......................................................... *passim*

*In Re: C-TC 9th Ave. Partnership*, 182 B.R. 1 (N.D.N.Y. 1995) ....................................................... 2

*Lambert v. Johnson*, 852 F.2d 1289, Table *3 (9th Cir. 1988) ............................................................ 5

*Linden v. Dist. Council 1707-AFSCME*, 415 Fed. Appx. 337 (2nd Cir. 2011) ................................ 3

*Mayo v. Lane*, 867 F.2d 374 (7th Cir. 1989) ....................................................................................... 5

*Obabueki v. International Business Machines Corp.*, 145 F.Supp.2d 371 (SDNY 2001) ............... 5

*Schrader v. CSX Transportation, Inc.*, 70 F.3d 255 (2nd Cir. 1995) ............................................. 2, 3

*Sumner v. McCall*, 103 F.Supp.2d 555 (N.D.N.Y. 2000) .................................................................. 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE and JANE DOE, Individually and on behalf of M.S., an Infant, as Next Friends,

                                     Plaintiffs,

- against –

ANTHONY ANNUCCI, Acting Commissioner of the New York State Department of Corrections and Community Supervision; JOSEPH LIMA, Bureau Chief of the Manhattan VI Area Office of the New York State Division of Parole; Parole Officer EMILY SCOTT; Parole Officer SIMON VALERIO; Senior Parole Officer RICHARD ROSADO; Senior Parole Officer JAMES CAPPIELLO,

                                     Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ANTHONY ANNUCCI's
MOTION FOR RECONSIDERATION**
1:14 Civ. 2953 (PAE)

---

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of the Defendant Anthony Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision ("Commissioner Annucci") and in support of his motion for reconsideration of that aspect of the Opinion and Order of this Court dated July 15, 2015 (Dkt. 146) which denied Commissioner Annucci's motion to dismiss based upon claim preclusion and issue preclusion.

## FACTS

In its July 15, 2015 Opinion & Order, this Court stated:

> Annucci argues that Doe's claims are barred by claim preclusion and issue preclusion because Doe "is a member of the class in *Doe v. Overfield*," a class-action lawsuit filed in the Western District of New York. Annucci Br. 18. **That is factually wrong**. The complaint in *Overfield* defined the class as "all parents who are now or will be in the future on parole for a criminal offense *unrelated to sexual misconduct*, and who are prohibited by defendants from contact with their children, when both parents of these children support parental contact." No. 08 Civ. 6294, Dkt. 70, at ¶ 35 (emphasis added). Because Doe was convicted of rape and criminal sexual acts, FAC ¶24, he is, by definition, not "on parole for a criminal offense unrelated to sexual misconduct" and is therefore not a member of the *Overfield* class. Further, the *Overfield* class plainly does not include Jane Doe and M.S., who are also named as plaintiffs in this case. Annucci's motion to dismiss based on a claim of preclusion is therefore unavailing.

(Opinion & Order, p.30 [Dkt. 146]) (original emphasis in italics; bold emphasis added).

Defendant Annucci respectfully 1) asserts that the factual underpinnings for his argument are not "wrong"; 2) asks this Court to reconsider whether plaintiff was a member of the *Doe v. Overfield* class, and 3) if it does reconsider and find that he was a member of the class, asks this Court to determine that plaintiff John Doe's claims are barred and should be dismissed and that the claims of Jane Doe and M.S. are dependent upon plaintiff John Doe's consent to the resolution in *Doe v. Overfield* and should thus be dismissed as well.

## POINT I

### THE MOTION FOR RECONSIDERATION SHOULD BE GRANTED.

A motion for reconsideration is available where a party demonstrates the need to correct a clear error or prevent manifest injustice. *Schrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995); *Sumner v. McCall*, 103 F.Supp.2d 555, 558 (N.D.N.Y. 2000); *In Re: C-TC 9th Ave. Partnership*, 182 B.R. 1, 2-3 (N.D.N.Y. 1995). The motion is appropriate where the moving

party can point to controlling decisions or factual matters that the Court has overlooked that might reasonably be expected to alter the conclusion(s) reached by the Court. *Schrader v. CSX Transportation, Inc.*, supra at 257; *DGM Investors, Inc. v. N.Y. Futures Exchange, Inc.*, 288 F.Supp.2d 519, 523 (S.D.N.Y. 2003); *Linden v. Dist. Council 1707-AFSCME*, 415 Fed. Appx. 337, 338-39 (2nd Cir. 2011); *Bill Diodato Photog., LLC v. Avon Products, Inc.*, 2012 WL 4335164, *1 (S.D.N.Y. 2012).

**A.    This Court overlooked certain facts.**

In their First Amended Complaint ("FAC") [Dkt. 105], plaintiffs made the following allegation:

> DOCCS created the Protocol as a result of a class-action lawsuit filed in the Western District of New York, *Doe v. Overfield*, 08 Civ. 6294. The certified class included: (1) the biological and adoptive parents who were then or later would be under the jurisdiction of DOCCS; (2) where DOCCS was considering whether to impose or has imposed a special condition limiting or prohibiting such parents from having contact with their biological or adoptive children; and (3) when both of children's biological or adoptive parents support contact. The Protocol resulted from settlement discussions between DOCCS and plaintiffs' counsel and was intended to protect the procedural due process rights of the class members. At no point in the case did DOCCS dispute that parolees had a fundamental right under the United States Constitution to associate with their children. DOCCS began using the Protocol before final court approval of the settlement in *Doe v. Overfield*.

(FAC [Dkt. 105], ¶58) (emphasis supplied). Thus, it is the plaintiffs, not defendant Annucci, who initially identified those persons that the certified class included (*see* FAC ¶58). By other paragraphs of their Complaint, plaintiffs pled that Mr. Doe fit within the class as identified by them (*see* FAC ¶¶2, 29 and 72). Defendant Annucci's Memorandum of Law in support of his original motion quoted and cited to that paragraph 58 of the plaintiffs' FAC (*see* Annucci Brief [Dkt. 114], p.18) as well as the paragraphs thereof alleging facts that brought him within the

3

class as certified (*Id.*). Defendant Annucci accepted the truth of the above paragraphs of plaintiffs' FAC in this case, both as a matter of motion practice and as a matter of fact.

This Court, however, looked to and relied upon <u>a pleading</u> in *Doe v. Overfield* that preceded the certification <u>order</u> by several years. That pleading set forth how the plaintiffs had initially proposed that the class should be "defined". That changed in the course of the litigation resulting in the broader class as set forth in the *Doe v. Overfield* class certification order.

On the original motion, both the plaintiffs and defendant Annucci agreed that the Court Order certifying the class defined the class more broadly than the paragraph of the Complaint in *Doe v. Overfield* cited by this Court. The actual class certification order in *Doe v. Overfield* confirms that the plaintiffs and defendant Annucci were correct and that the certified class was not, as this Court held, limited to parents who were on parole for "a criminal offense unrelated to sexual misconduct." *See, Doe v. Overfield*, U.S.D.C., W.D.N.Y., 6:08-CV-06294, Dkt. 44; 90, p.2; 91, p.1).

Defendant Annucci respectfully submits that this Court overlooked paragraph 58 of the plaintiffs' FAC in this case and the *Doe v. Overfield* Court's class certification <u>order</u> when it stated that defendant Annucci's argument regarding claim preclusion and issue preclusion was "factually wrong." *See*, Opinion & Order [Dkt. 146], p.30.

B.  **<u>If this Court agrees that Commissioner Annucci's description of the class was not wrong, this Court should determine that the plaintiff John Doe's claims are barred by principles of claim preclusion and issue preclusion.</u>**

For the reasons asserted in his original motion to dismiss based on claim preclusion and issue preclusion (Defendant Annucci's Main Brief [Dkt. 114, pp. 18-20], defendant Annucci respectfully urges this Court to reconsider its ruling and hold that plaintiff John Doe's claims are barred by virtue of his membership in the *Doe v. Overfield* class and his agreement to the settlement therein.

C. **The claims of Jane Doe and M.S. are likewise barred.**

Defendant Annucci further urges this Court to reconsider its determination that the claims of Jane Doe and M.S. can proceed independent of the claims of John Doe. It is respectfully submitted that if this Court reconsiders its factual determination and finds that John Doe was granted full relief on his claims by way of his consent to the settlement in *Doe v. Overfield* as urged above, it should determine that plaintiffs Jane Doe and M.S. have no claim for relief. It is respectfully submitted that the claims of Jane Doe and M.S., as relatives of a parolee, are dependent upon Mr. Doe's rights. Because Mr. Doe settled his assertion of rights in the *Doe v. Overfield* class action, the plaintiffs Jane Doe and M.S. can no longer assert rights as those rights are dependent upon plaintiff John Doe having existing rights to assert. *See, e.g., Lambert v. Johnson*, 852 F.2d 1289, Table *3 (9th Cir. 1988) (father's right of association is derived from parolee-son's right to parole);[1] *Mayo v. Lane*, 867 F.2d 374, 375-76 (7th Cir. 1989) (Posner, J.) (same, as to prisoner). As such, because Mr. Doe agreed to resolve his claims in the class action settlement, his dependents do not have a separate independent right that has been violated by defendant Annucci.

---

[1] While this is an unpublished opinion of the Ninth Circuit, Courts in the Southern District of New York permit the citation thereto based upon the Ninth Circuit rule that prohibits only "other Ninth Circuit Courts" from relying upon unpublished opinions from the Ninth Circuit. *See, Obabueki v. International Business Machines Corp.*, 145 F.Supp.2d 371, fn. 20 (SDNY 2001) citing *Conopco v. Roll Int'l Corp.*, 75 F.Supp.2d 196, 201 (SDNY 1999) (Ninth Circuit rule is silent as to citation by courts outside of that Circuit; decision is not binding precedent but reasoning is persuasive and adopted by Court). *See also, D.B. Zwirn Special Opportunities Fund L.P. v. Tama Broadcasting*, 550 F.Supp.2d 481, 493 (SDNY 2008) (same).

## CONCLUSION

FOR THE REASONS HERETOFORE ADVANCED, DEFENDANT ANNUCCI RESPECTFULLY URGES THIS COURT TO GRANT HIS MOTION FOR RECONSIDERATION AND TO DISMISS THE CLAIMS OF THE PLAINTIFF JOHN DOE BASED ON CLAIM PRECLUSION AND ISSUE PRECLUSION. THE COURT SHOULD ALSO DISMISS THE CLAIMS OF THE OTHER PLAINTIFFS BECAUSE THOSE CLAIMS ARE DEPENDENT UPON PLAINTIFF JOHN DOE'S SETTLED CLAIMS.

DATED:    Albany, New York
          July 23, 2015

Respectfully submitted,

**GLEASON, DUNN, WALSH & O'SHEA**
*Attorneys for Defendant Anthony Annucci*

By _____
MARK T. WALSH, ESQ.
Office and P.O. Address
40 Beaver Street
Albany, NY 12207
(518) 432-7511