UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOHN DOE, et al.

                                    Plaintiffs,

                -against-                            14-CV-2953 (PAE)

JOSEPH LIMA, et al.

                                    Defendants.

------------------------------------------------------------------------X


**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF JOHN
DOE'S CONVICTIONS**


Nathan S. Richards                      Blair R. Albom
Michael B. Mukasey                      Robert S. Smith
DEBEVOISE & PLIMPTON LLP                FRIEDMAN KAPLAN SEILER &
919 Third Avenue                        ADELMAN LLP
New York, New York  10022               7 Times Square
(212) 909-6000                          New York, New York  10036
                                        (212) 833-1100

Karena Leslie Rahall
OFFICE OF THE APPELLATE DEFENDER
11 Park Place, Suite 1601
New York, New York  10007
(212) 402-4100

                        *Attorneys for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ................................................................................................................... 1

I.   Procedural Background ................................................................................................ 1

II.  John Doe's Criminal History ....................................................................................... 2

ARGUMENT ........................................................................................................................ 3

I.   Legal Principles .......................................................................................................... 3

II.  Evidence of or Reference to John Doe's Convictions Should be Excluded at the
Damages Trial ................................................................................................................... 4

    A.   The Convictions Are Not Relevant to the Limited Issue of Plaintiffs' Damages .............. 4

    B.   The Convictions Are Not Probative of Truthfulness .......................................................... 5

    C.   Exclusion of the Convictions Is Necessary to Avoid Substantial Unfair Prejudice .......... 7

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Barber v. City of Chicago*,
    725 F.3d 702 (7th Cir. 2013) ..........................................................................................8

*Christmas v. Sanders*,
    759 F.2d 1284 (7th Cir. 1985) ........................................................................................7

*Daniels v. Loizzo*,
    986 F. Supp. 245 (S.D.N.Y. 1997) .................................................................................8

*Doe v. Cappiello*,
    758 F. App'x 181 (2d Cir. 2019) ...................................................................................2

*Doe v. Lima*,
    270 F. Supp. 3d 684 (S.D.N.Y. 2017).....................................................................2, 3, 4

*Fiacco v. City of Rensselaer*,
    783 F.2d 319 (2d Cir. 1986)............................................................................................4

*Fletcher v. City of New York*,
    54 F. Supp. 2d 328 (S.D.N.Y. 1999)...............................................................................5

*Jolly v. Troisi*,
    92 Civ. 5332, 2000 WL 620304 (S.D.N.Y. May 11, 2000)...........................................8

*Maize v. Nassau Health Care Corp.*,
    05 Civ. 4920, 2012 U.S. Dist. LEXIS 37058 (E.D.N.Y. 2012)..................................5, 6

*Southerland v. City of New York*,
    680 F.3d 127 (2d Cir. 2012)............................................................................................4

*United States v. Calderon-Urbina*,
    756 F. Supp. 2d 566 (S.D.N.Y. 2010)..........................................................................7, 8

*United States v. Flaherty*,
    295 F.3d 182 (2d Cir. 2002)............................................................................................4

*United States v. Hayes*,
    553 F.2d 824 (2d Cir. 1977)............................................................................................6

*United States v. Mahler*,
    579 F.2d 730 (2d Cir. 1978)........................................................................................6, 7

*United States v. Maldonado-Rivera*,
    922 F.2d 934 (2d Cir. 1990)............................................................................................4

*United States v. Oliver,*
    626 F.2d 254 (2d Cir. 1980) ................................................................................ 7

*United States v. Puco,*
    453 F.2d 539 (2d Cir. 1971) ................................................................................ 7

*United States v. Rabinowitz,*
    578 F.2d 910 (2d Cir. 1978) ............................................................................ 7, 8

*United States v. Rosa,*
    11 F.3d 315 (2d Cir. 1993) .............................................................................. 6, 8

*United States v. Salameh,*
    152 F.3d 88 (2d Cir. 1998) .............................................................................. 4, 7

## STATUTES AND RULES

42 U.S.C. § 1983 .......................................................................................... 1, 2, 8

Fed. R. Evid. 401 .............................................................................................. 3, 5

Fed. R. Evid. 402 ................................................................................................... 3

Fed. R. Evid. 403 ...................................................................................... 3, 4, 6, 8

Fed. R. Evid. 609 ...................................................................................... 4, 5, 6

## OTHER AUTHORITIES

4 Weinstein's Fed. Evid. § 609.04 ........................................................................ 6

## PRELIMINARY STATEMENT

Plaintiffs John Doe, Jane Doe, and M.S. ("Plaintiffs") respectfully submit this motion *in limine* for an order excluding at the damages trial evidence of or reference to the charges that were the subject of John Doe's criminal convictions.

In this civil rights action, the Court has granted summary judgment as to liability against all five remaining defendants ("Defendants") on Plaintiffs' claims that Defendants violated Plaintiffs' substantive and procedural due process rights by unconstitutionally depriving Plaintiffs of familial contact for over a year of John Doe's term of parole. All that remains for a jury to determine is the amount of damages Plaintiffs suffered as a result of that wrong.

Evidence of or references to both the sex-offense conviction that led to John Doe's term of parole and John Doe's two decades-old convictions for robbery should be excluded at the damages trial. Those particulars have nothing to do with the amount of damages Plaintiffs suffered and therefore are completely irrelevant to the limited issue being tried. Further, they are not probative of truthfulness and are likely to cause substantial unfair prejudice. Instead, the jury should be told no more than that, during the periods of deprivation, Defendants were parole officers and John Doe a parolee.

## BACKGROUND

### I.   Procedural Background

Plaintiffs' amended complaint in this action brought three claims, all under 42 U.S.C. § 1983, asserting violations of Plaintiffs' constitutional rights to substantive due process, freedom of association, and procedural due process. *See* Dkt. No. 105 ¶¶ 90–112. Through the amended complaint, Plaintiffs sought, among other relief, an award of "monetary damages for a

violation of their constitutional rights, for their pain and suffering, and to compensate them for expenses incurred as a result of the Defendants' actions." *Id.*, Request for Relief ¶ c.

Following discovery, Plaintiffs moved for summary judgment as to liability against Defendants. The Court granted Plaintiffs' motion, holding that Plaintiffs' "substantive and procedural due process rights were infringed" by the deprivation of all parental contact between John Doe and his son for two periods lasting close to thirteen months, and that Defendants were individually liable for those constitutional violations under § 1983. *See Doe v. Lima*, 270 F. Supp. 3d 684, 704, 712, 716 (S.D.N.Y. 2017). Plaintiffs did not seek summary judgment on damages, and the Court's decision did not decide that issue.

Following the affirmance of the Court's denial of Defendants' qualified immunity defense, *see Doe v. Cappiello*, 758 F. App'x 181, 185 (2d Cir. 2019), the parties tried, without success, to reach a negotiated resolution of the litigation. The parties proposed a briefing schedule for motions *in limine*—in the belief that a ruling on certain such motions would renew the interest of the parties in working toward settlement—which the Court so-ordered. *See* Dkt. No. 342.[1]

## II.   **John Doe's Criminal History**

John Doe's conviction that led to the term of parole at issue in this case occurred on October 18, 2004 and was to one count of rape in the second degree, one count of sodomy in the second degree, and one count of endangering the welfare of a child (the "2004 Sex-Offense Conviction"). John Doe was sentenced to consecutive terms of imprisonment for three and a half to seven years and two to six years and served over eight years of that sentence. He was released

---

[1] Plaintiffs respectfully reserve the right to make further pretrial evidentiary motions, in addition to this motion *in limine*, to the extent such motions become ripe or relevant, including as a result of pretrial filings, proceedings, or rulings.

from prison to a parole supervision term of four years and four months on November 2, 2011. John Doe completed his parole supervision term on March 2, 2016.  *See Doe v. Lima*, 270 F. Supp. 3d at 689–90.

Prior to the 2004 Sex-Offense Conviction, John Doe had two other convictions.   On January 22, 1981, as a juvenile offender, John Doe pleaded guilty to robbery in the first degree and was sentenced to twenty-eight months to seven years of imprisonment (the "1981 Robbery Conviction").   On April 4, 1988, John Doe pleaded guilty to two counts of robbery in the first degree and was sentenced to concurrent terms of six to twelve years of imprisonment (the "1988 Robbery Conviction").  *See id.* at 690.

## ARGUMENT

John Doe's convictions are wholly irrelevant to a jury's determination of the amount of harm suffered by Plaintiffs—the sole issue to be adjudicated at trial.  The considerable unfair prejudice that would result from the introduction of John Doe's convictions vastly exceeds their (lack of) probative value.  They should thus be excluded from the damages trial.

## I.    **Legal Principles**

Under Federal Rule of Evidence 402, evidence is not admissible unless it is relevant.  To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence" and the fact must be "of consequence in determining the action."  Fed. R. Evid. 401.

Rule 403 provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice," Fed. R. Evid. 403, which is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one," Fed. R. Evid. 403, Advisory Committee Note.  A district court's decision to

exclude evidence under Rule 403 is reviewed for abuse of discretion.  *See Fiacco v. City of Rensselaer*, 783 F.2d 319, 327–28 (2d Cir. 1986).

Rule 609(a) provides that evidence of a witness's prior felony convictions may be admitted for purpose of impeachment subject to the balancing test in Rule 403, or if the elements of the crime required proof of a dishonest act or false statement by the witness.  *See* Fed. R. Evid. 609(a).  In addition, Rule 609(b) "bars evidence of a conviction if more than ten years have elapsed since a witness was released from the resulting confinement, unless '[its] probative value …[,] supported by specific facts and circumstances[,] substantially outweighs its prejudicial effect.'"  *United States v. Salameh*, 152 F.3d 88, 131–32 (2d Cir. 1998) (quoting Rule 609, modified to reflect restyling).   And Rule 609(d) provides that "[e]vidence of a juvenile adjudication" is not admissible for impeachment under Rule 609 in a civil case.  Fed. R. Evid. 609(d).  Trial courts have "wide discretion to impose limitations on the cross-examination of witnesses," *United States v. Flaherty*, 295 F.3d 182, 190 (2d Cir. 2002), and the court's restriction of cross-examination will not be reversed "unless its broad discretion has been abused," *United States v. Maldonado-Rivera*, 922 F.2d 934, 956 (2d Cir. 1990).

## II.  Evidence of or Reference to John Doe's Convictions Should be Excluded at the Damages Trial

### A.  The Convictions Are Not Relevant to the Limited Issue of Plaintiffs' Damages

Given that liability on Plaintiffs' claims has already been resolved,[2] the only issues to be decided at trial are what amount of damages should be awarded to:

---

[2]   In its opinion granting Plaintiffs' motion for summary judgment, the Court noted that qualified immunity might have barred liability for "a very limited portion" of the deprivations.  *See Doe v. Lima*, 270 F. Supp. 3d at 712; *see also id.* at 704 (noting that denial of contact could be "initially justified" and citing to *Southerland v. City of New York*, 680 F.3d 127, 153–54 (2d Cir. 2012), which upheld a four-day separation period).  Given that this "very limited portion" will be immaterial to damages, rather than burden the jury with deciding the precise length of the deprivations, to the extent the parties are unable to resolve the issue by stipulation,

4

- John Doe to compensate him for (i) being unable to have any contact with his newborn son; (ii) being unable to reside with his wife; and (iii) the pain and suffering he experienced during the periods of deprivation;

- Jane Doe to compensate her for (i) having to care for her newborn son without assistance from her husband; (ii) being unable to reside with her husband; and (iii) the pain and suffering she experienced during the periods of deprivation;

- M.S. to compensate him for (i) being unable to have any contact with his father; and (ii) the pain and suffering he experienced during the periods of deprivation; and

- John and Jane Doe to compensate them for expenses incurred as a result of Defendants' actions (*e.g.*, additional childcare costs and rent paid to the homeless shelter to which John Doe moved).

Neither the fact of nor the nature of John Doe's convictions has any bearing on any fact "of consequence in determining" the amount of damages that should be awarded to Plaintiffs in this action.  Fed. R. Evid. 401.  The particulars of John Doe's convictions have nothing to do with the amount of harm Plaintiffs suffered as a result of Defendants' violations of Plaintiffs' constitutional rights.  And being a former convict, or a family member of a former convict, does not alter the amount of harm one incurs, or the pain and suffering one endures, from being wrongfully separated from one's family members.

## B.     The Convictions Are Not Probative of Truthfulness

Nor would any of John Doe's convictions have material relevance to Doe's credibility as a witness, were Defendants to seek to raise them in cross-examination.

Neither sex offenses nor robbery are admissible under Rule 609(a)(2) as crimes that require proof of dishonesty or a false statement.  *See, e.g.*, *Maize v. Nassau Health Care Corp.*, 05 Civ. 4920, 2012 U.S. Dist. LEXIS 37058, at *7 (E.D.N.Y. 2012) ("Rape does not involve dishonesty or false statements."); *Fletcher v. City of New York*, 54 F. Supp. 2d 328, 332

---

Plaintiffs would accept the Court's determination of what "very limited portion" should be subtracted from the roughly thirteen months of separation for purposes of the jury's determination of damages.

(S.D.N.Y. 1999) (stating that robbery "is not a crime that involves dishonesty or false statement"); 4 Weinstein's Fed. Evid. § 609.04 (noting that admissibility under Rule 609(a)(2) "has been withheld from … [s]ex offenses" and that "robbery is generally held not to constitute a crime of dishonesty"); *cf. United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (explaining that Rule 609(a)(2) is defined narrowly and that "crimes of force, such as armed robbery or assault, or crimes of stealth, such as burglary, or petit larceny, do not come within [Rule 609(a)(2)]" (internal citations omitted)).

Because the 2004 Sex-Offense Conviction is not a crime of dishonesty under Rule 609(a)(2), its admissibility for impeachment is "subject to the Rule 403 balancing test." *Maize*, 2012 U.S. Dist. LEXIS 37058, at *7; *see* Fed. R. Evid. 609(a)(1)(A). As to the 1988 Robbery Conviction, because more than ten years have passed since John Doe's release from confinement for that crime, it is admissible for impeachment under Rule 609 only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1); *see also United States v. Mahler*, 579 F.2d 730, 734 (2d Cir. 1978) (admission of convictions under Fed. R. Evid. 609(b) requires "the district judge [to] make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice"). And cross-examination regarding the 1981 Robbery Conviction for the purpose of impeachment is precluded because John Doe was, at the time, a juvenile offender. *See* Fed. R. Evid. 609(d).

The 2004 Sex-Offense Conviction and 1988 Robbery Conviction are not probative of John Doe's credibility. Courts have repeatedly determined that a witness's sex-offense convictions have little relevance to his or her truthfulness. *See, e.g.*, *United States v. Rosa*, 11 F.3d 315, 336 (2d Cir. 1993) (affirming exclusion of evidence of rape "as having an insufficient

6

bearing on the witness's credibility"); *Christmas v. Sanders*, 759 F.2d 1284, 1289–92 (7th Cir. 1985) (affirming conclusion that plaintiff's rape conviction "was only minimally probative of [plaintiff's] credibility"); *United States v. Rabinowitz*, 578 F.2d 910, 912 (2d Cir. 1978) ("We fail to see the logical relevance of the evidence sought to be adduced—prior acts of sodomy upon young children and consequent psychiatric treatment therefor—to the credibility of the witness."); *United States v. Calderon-Urbina*, 756 F. Supp. 2d 566, 570 (S.D.N.Y. 2010) (holding that "evidence of an incident of sodomy and rape is not probative of veracity"). Likewise, whereas some courts have ascribed minimal probative value for credibility to a witness's conviction for robbery, any such relevance is *de minimis* here given the more than three decades that have passed since the 1988 Robbery Conviction.  *Compare United States v. Oliver*, 626 F.2d 254, 264 (2d Cir. 1980) (affirming trial court's admission of evidence of prior convictions for burglary and robbery, which had occurred within 10 years of arrest, for impeachment), *with Salameh*, 152 F.3d at 131–32 (affirming preclusion of cross-examination regarding 25-year-old robbery, assault, and sodomy conviction, "particularly considering" how much time had passed), *and United States v. Puco*, 453 F.2d 539, 543 (2d Cir. 1971) (reversible error to allow cross-examination of defendant regarding 21-year-old narcotics conviction, in part because its "probative force" was "greatly diminished by its age"); *see also Mahler*, 579 F.2d at 736 (noting that Congress intended convictions more than ten years old to be admitted "very rarely and … in exceptional circumstances").

C.    **Exclusion of the Convictions Is Necessary to Avoid Substantial Unfair Prejudice**

The minimal probative value of John Doe's convictions is substantially outweighed by the danger of unfair prejudice.  Evidence of a conviction for rape, sodomy, and endangering the welfare of a child has the potential to impact jurors emotionally, leading them to disfavor

7

someone with such convictions, and causing unfair prejudice.  *See* Fed. R. Evid. 403.  Courts

thus often exclude evidence of sex-offense convictions that are not central to the issues at trial.

*See, e.g.*, *Rosa*, 11 F.3d at 336 (affirming exclusion of witness's rape conviction); *Rabinowitz*,

578 F.2d at 912 (affirming exclusion of evidence concerning prior acts of sodomy); *Calderon-*

*Urbina*, 756 F. Supp. 2d at 570 ("[E]vidence of such sex crimes [sodomy and rape] is likely to be

more prejudicial than probative, as well as inflammatory.").

The robbery convictions likewise raise the potential for unfair prejudice.  Evidence of a

civil rights plaintiff's criminal history is frequently excluded where it lacks substantial probative

value, in order to ensure that the jury is not improperly prejudiced against awarding relief to a

former convict.  *See, e.g.*, *Barber v. City of Chicago*, 725 F.3d 702, 714 (7th Cir. 2013)

("Presenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the

jury will render a defense verdict based not on the evidence but on emotions or other improper

motives, such as a belief that bad people should not be permitted to recover from honorable

police officers."); *Jolly v. Troisi*, 92 Civ. 5332, 2000 WL 620304, at *2 (S.D.N.Y. May 11,

2000) (ruling that evidence of plaintiff's convictions for disorderly conduct, murder, and

burglary were "not relevant to his claim that [d]efendants violated his constitutional rights" and

precluding defendants "from offering evidence concerning Plaintiff's prior criminal history");

*Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (warning of potential "unfair prejudice

of suggesting to the jury that Plaintiff is an evil man who does not deserve consideration of his

[Section 1983] claims" (internal quotation marks and alteration omitted)).  This reasoning

applies with full force here, given the lack of relevance of John Doe's convictions to the narrow

issue of Plaintiffs' damages or to John Doe's credibility as a witness.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court exclude any evidence of or reference to the particulars of John Doe's convictions at the damages trial.

Dated:       New York, New York
             December 9, 2019

                                 Respectfully submitted,

                                 By:_____ /s/ Nathan S. Richards_____

| | |
|---|---|
| Nathan S. Richards | Blair R. Albom |
| Michael B. Mukasey | Robert S. Smith |
| DEBEVOISE & PLIMPTON LLP | FRIEDMAN KAPLAN SEILER & |
| 919 Third Avenue | ADELMAN LLP |
| New York, New York  10022 | 7 Times Square |
| (212) 909-6000 | New York, New York  10036 |
| | (212) 833-1183 |
| Karena Leslie Rahall | |
| OFFICE OF THE APPELLATE | |
| DEFENDER | |
| 11 Park Place, Suite 1601 | |
| New York, New York  10007 | |
| (212) 402-4100 | |

*Attorneys for Plaintiffs*

9