UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN DOE, et al.

                                        Plaintiffs,

            -against-                        14-CV-2953 (PAE)

JOSEPH LIMA, et al.

                                        Defendants.

------------------------------------------------------------------X


# PLAINTIFFS' OPPOSITION TO
# DEFENDANT CAPPIELLO'S MOTIONS IN LIMINE


Nathan S. Richards
Michael B. Mukasey
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
(212) 909-6000

Karena Leslie Rahall
OFFICE OF THE APPELLATE DEFENDER
11 Park Place, Suite 1601
New York, New York  10007
(212) 402-4100

Blair R. Albom
Robert S. Smith
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, New York  10036
(212) 833-1100

                      *Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.  Evidence of or Reference to John Doe's Convictions Should be Excluded at the Damages Trial ................................................................................................................... 2

II. Cappiello's Request to Reopen John Doe's Deposition Should be Denied ........................... 5

III. Additional Evidentiary Requests Noted But Not Briefed by Cappiello ............................. 8

CONCLUSION ............................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**CASES**

*Cedars-Sinai Med. Ctr. v. Ray*,
 19 Misc. 129, 2019 U.S. Dist. LEXIS 96855 (S.D.N.Y. June 10, 2019) .................................. 6

*Grochowski v. Phoenix Const.*,
 318 F.3d 80 (2d Cir. 2003) .......................................................................................................... 7

*Karnes v. Skrutski*,
 62 F.3d 485 (3d Cir. 1995) .......................................................................................................... 4

*King v. Friend of Farmer, Inc.*,
 97 Civ. 9264, 2000 U.S. Dist. LEXIS 3538 (S.D.N.Y. Mar. 17, 2000) ................................... 7

*Montoya v. Sheldon*,
 898 F. Supp. 2d 1259 (D.N.M. 2012) ........................................................................................ 5

*NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd.*,
 262 F. Supp. 2d 134 (S.D.N.Y. 2003) ........................................................................................ 7

*Nelson v. City of Chicago*,
 810 F.3d 1061 (7th Cir. 2016) .................................................................................................... 4

*Pyke v. Cuomo*,
 92 Civ. 554, 2004 U.S. Dist. LEXIS 8318 (N.D.N.Y. May 12, 2004) ..................................... 7

*Smith v. Balt. City Police Dep't*,
 840 F.3d 193 (4th Cir. 2016) ...................................................................................................... 4

*Stephen v. Hanley*,
 03 Civ. 6226, 2009 WL 1471180 (E.D.N.Y. May 21, 2009) .................................................... 5

*Udemba v. Nicoli*,
 237 F.3d 8 (1st Cir. 2001) ........................................................................................................... 4

*United States v. Curley*,
 639 F.3d 50 (2d Cir. 2011) .......................................................................................................... 2

*United States v. McCallum*,
 584 F.3d 471 (2d Cir. 2009) ........................................................................................................ 5

*United States v. Scott*,
 677 F.3d 72 (2d Cir. 2012) ...................................................................................................... 2, 3

**STATUTES AND RULES**

Fed. R. Civ. P. 16 ............................................................................................................................ 7

Fed. R. Civ. P. 26 .................................................................................................................6

Fed. R. Civ. P. 30 .................................................................................................................6

Fed. R. Evid. 401 .................................................................................................................2

Fed. R. Evid. 403 ..............................................................................................................5, 6

Fed. R. Evid. 404 .........................................................................................................2, 3, 5

**PRELIMINARY STATEMENT**

Plaintiffs John Doe, Jane Doe, and M.S. ("Plaintiffs") respectfully submit this brief in opposition to the motions *in limine* made by Defendant James Cappiello ("Cappiello"). No other defendant joined Cappiello's motion or otherwise moved for an *in limine* evidentiary ruling. Cappiello's *in Limine* Memorandum of Points and Authorities (*see* Dkt. No. 350, "Cappiello Mot.") briefs two evidentiary requests, neither of which should be granted.

First, Cappiello seeks to admit evidence of the nature of John Doe's prior convictions for robbery and sex offenses ("John Doe's Convictions"), focusing in particular on the sex-offense conviction that led to John Doe's term of parole (the "Sex-Offense Conviction"). As explained in Plaintiffs' Motion *in Limine* to Exclude Evidence of John Doe's Convictions (*see* Dkt. No. 345, "Pls. Mot."), evidence of those convictions is irrelevant, unfairly prejudicial, and should not be admitted at the damages trial. Each of the arguments Cappiello makes with regard to the relevance of the evidence fails—the evidence cannot be admitted to malign John Doe's character and inflame the jury; it cannot be admitted to rebut punitive damages, which Plaintiffs do not seek; and it lacks any probative connection to the amount of harm Plaintiffs suffered during the specific periods of deprivation at issue here. Further, Cappiello does not even address the extreme prejudice that the introduction of such evidence would cause.

Second, Cappiello separately argues for the continuation of John Doe's deposition to re-ask questions to which John Doe invoked his Fifth Amendment privilege. This request should be rejected, both because the questions that Cappiello seeks to ask again bear solely on the nature of the Sex-Offense Conviction and thus are irrelevant and inadmissible, and because the request is untimely.

Additionally, Cappiello mentions but does not purport to brief "at this juncture" additional evidentiary requests (*see* Cappiello Mot. at 5 n.4), which Plaintiffs ask for leave to brief if and when Cappiello decides to move for and brief them.

## ARGUMENT

I. **Evidence of or Reference to John Doe's Convictions Should be Excluded at the Damages Trial**

John Doe's Convictions are irrelevant to the limited question of what amount of harm he, Jane Doe, and M.S. suffered during the deprivation of their constitutional rights. (*See generally* Pls. Mot.) Cappiello suggests three possible bases for relevance (*see* Cappiello Mot. at 1–2, 10), but none withstands scrutiny.

First, Cappiello seeks admission of John Doe's Convictions for the irrelevant and improper purpose of maligning Doe's character. Cappiello argues that the nature and specifics of the convictions should be admitted so that the jury "award[s] damages to the *type of person* who committed the crimes for which he was on parole." (Cappiello Mot. at 2 (emphasis added); *see also id.* at 10–11). On its face, this argument requests admission of the evidence not to prove a fact "of consequence in determining" Plaintiffs' damages, *see* Fed. R. Evid. 401, but to prejudice the jury against Plaintiffs. That is not a valid basis to admit evidence. *See, e.g.*, *United States v. Scott*, 677 F.3d 72, 84 (2d Cir. 2012) (reversing admission of evidence where it appeared to have been "admitted precisely for the improper purpose of making it known that [the defendant] had a criminal propensity"); *United States v. Curley*, 639 F.3d 50, 56–57 (2d Cir. 2011) (noting that Rule 404(b) prohibits other-acts evidence that "serve[s] the sole purpose of showing the defendant's bad character," and "[i]f the other acts tend to prove a fact not in issue or to excite emotions against the defendant, they create a prejudicial effect" (internal quotation marks omitted)).

Even if Cappiello's argument charitably could be construed to suggest that the convictions are relevant to whether John Doe was a "loving, model parent" to M.S. (Cappiello Mot. at 11), the convictions remain inadmissible. The leap of logic required to connect John Doe's Convictions—none of which had anything to do with his relationship with his children—and whether he would have been a good father during the periods of deprivation is immense and untenable. It is also exactly the type of inference that Rule 404(b) bars. The convictions cannot be admitted "to prove" John Doe's "character"—*i.e.*, that he is purportedly a bad father—"in order to show that on a particular occasion"—*i.e.*, in his relationship with M.S.—he "acted in accordance with the character." Fed. R. Evid. 404(b); *cf. Scott*, 677 F.3d at 79 (explaining that Rule 404(b) prohibits "prejudicial extrinsic act evidence when … it is offered to prove propensity").

Second, Cappiello posits that evidence of John Doe's Convictions is relevant to whether Plaintiffs are entitled to punitive damages (*see* Cappiello Mot. at 2), but that argument fails because Plaintiffs are not seeking punitive damages. (*See* Am. Compl., Dkt. No. 105, Request for Relief; Pls. Mot. at 4–5.)

Third, Cappiello conjectures that John Doe's prior periods away from family while incarcerated are relevant to how much harm he suffered while separated from M.S. (Cappiello Mot. at 1–2, 10), but this contention is illogical. John Doe's periods of incarceration preceded M.S.'s birth and had no bearing on his relationship with M.S. And his separations from different family members under the different circumstances of incarceration have no probative value in assessing the amount of pain and suffering he endured while he was denied all contact with M.S. during his term of parole. Indeed, even courts assessing false-arrest claims have cautioned that, for evidence of prior arrests to be relevant, those arrests must be similar to the circumstances of

3

the alleged false arrest. *See, e.g.*, *Smith v. Balt. City Police Dep't*, 840 F.3d 193, 203 (4th Cir. 2016) (reversing judgment in part because "the district court did not determine whether the three prior arrests involved conduct remotely similar to the arrest in this case").

The false-arrest cases cited by Cappiello do not support his argument because he misconstrues Plaintiffs' requested relief. Plaintiffs seek compensation for pain and suffering only to the extent it was experienced "during the periods of deprivation." (Pls. Mot. at 5). Where plaintiffs asserting false-arrest claims have sought compensation specifically for damages suffered during the unconstitutional act, rather than continuing emotional harm, courts have found that evidence of other arrests has little to no probative value and should be excluded. *See, e.g.*, *Smith*, 840 F.3d at 203 (reversible error to admit evidence of prior arrests, where plaintiff claimed "damages specifically for the alleged conduct" of the arrest at issue, and thus evidence of plaintiff's prior arrests "was irrelevant to damages" and instead used to improperly "show character and propensity"); *Nelson v. City of Chicago*, 810 F.3d 1061, 1069 (7th Cir. 2016) (reversing admission of plaintiff's arrest history because it "had miniscule probative value on the question of his damages," in part because plaintiff "limited his claimed emotional injury to the fear he felt during the 30 minutes of the traffic stop itself" (internal quotation marks omitted)). In the cases Cappiello cites, by contrast, plaintiffs sought damages for general, ongoing emotional harm—unlike Plaintiffs here—which the courts reasoned may have been caused in whole or in part by a plaintiff's other arrests. *See Udemba v. Nicoli*, 237 F.3d 8, 14 (1st Cir. 2001) (affirming admission of evidence of other arrest, on plain-error review, where plaintiff "did not testify to a closed period of emotional distress" but rather claimed "humiliation when news of his arrest appeared in the local newspaper and emphasized the mental anguish that followed" and other arrest "evoked the same sort of newspaper publicity"); *Karnes v. Skrutski*,

4

62 F.3d 485, 500 (3d Cir. 1995) (finding no abuse of discretion where evidence of prior arrest was "admitted after [plaintiff] testified that the incident in this case diminished his respect for the police"); *Montoya v. Sheldon*, 898 F. Supp. 2d 1259, 1262 n.2 (D.N.M. 2012) ("[T]he Court understands [plaintiff] to be demanding emotional distress damages not only at the time of the arrest, but ongoing through the present."); *Stephen v. Hanley*, 03 Civ. 6226, 2009 WL 1471180, at *2, *8 (E.D.N.Y. May 21, 2009) (noting plaintiffs' allegations of general "emotional damages" and "emotional injuries").[1]

Cappiello's argument also ignores that, even if John Doe's Convictions were properly admissible under Rule 404(b), they nevertheless should not be admitted because their probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. *See United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009) (explaining that "prior convictions should not be admitted unless the court has carefully conducted the Rule 403 balancing test"). The likelihood that John Doe's Convictions could inflame the jury and create unfair prejudice is indisputable (*see* Pls. Mot. at 7–8)—indeed, Cappiello appears motivated to introduce the evidence for precisely that purpose (*e.g.*, Cappiello Mot. at 10–11)—yet he does not even attempt to argue that the purported probative value of the convictions is not substantially outweighed by the risk of unfair prejudice.

II. **Cappiello's Request to Reopen John Doe's Deposition Should be Denied**

The Court should deny Cappiello's separate request to reopen John Doe's deposition to ask questions regarding the underlying Sex-Offense Conviction that John Doe did not answer

---

[1] Even if there was relevance between the fact that John Doe was previously incarcerated and the amount of pain and suffering that he experienced while apart from M.S., that would support at most introducing the fact and length of Doe's incarcerations and not the nature of the convictions. *Cf., e.g.*, *Stephen*, 2009 WL 1471180, at *9 (limiting evidence "to the fact of the adjudication and its date, and the amount of time [plaintiff] spent in custody").

based on his Fifth Amendment privilege. John Doe's Sex-Offense Conviction is no longer on direct appeal. But Cappiello's request nevertheless fails for two reasons.

First, none of the "[e]xamples of questions" that Cappiello lists (*see* Cappiello Mot. at 14) has any relevance to the upcoming damages trial, and there is thus no basis to reopen John Doe's deposition to ask them again. A request to depose someone who "has already been deposed in the case" must be consistent with Rule 26(b), *see* Fed. R. Civ. P. 30(a)(2), which requires that the proposed second deposition be "relevant to any party's claim or defense and proportional to the needs of the case," taking into account, among other considerations, "the importance of the discovery in resolving the issues" and the discovery's "likely benefit." Fed. R. Civ. P. 26(b)(1). The questions for which Cappiello seeks a second deposition do not meet this standard, as they all focus on the circumstances of the Sex-Offense Conviction. (*See* Cappiello Mot. at 14 (characterizing questions as concerning John Doe's "contacts with his victim and general questions about the criminal case in which he was convicted").) As explained above and in Plaintiffs' Motion in Limine, evidence of the nature and circumstances of the Sex-Offense Conviction is not relevant to the limited question of Plaintiffs' damages; is not relevant to John Doe's truthfulness; and in any event should be excluded under Rule 403. Cappiello's request to reopen John Doe's deposition is thus neither relevant nor proportional to the needs of the case at this late and limited stage. *Cf. Cedars-Sinai Med. Ctr. v. Ray*, 19 Misc. 129, 2019 U.S. Dist. LEXIS 96855, at *12–14 (S.D.N.Y. June 10, 2019) (granting motion to compel second deposition where movant sought to question deponent about "consequential issues" in the litigation based on "highly relevant documents" that deponent failed to produce).

Second, even if any of the questions were relevant to the damages trial, Cappiello does not state any good cause to warrant reopening discovery and excusing his delay in seeking a

second deposition of John Doe.  The Federal Rules of Civil Procedure require courts to enter scheduling orders that limit the parties' time to complete discovery, and those schedules "may be modified only for good cause."  Fed. R. Civ. P. 16(b)(3), (4).  John Doe was deposed on April 21, 2016; depositions were required to be completed by May 9, 2016; and fact discovery ended on July 1, 2016.  (*See* Second Revised Civil Case Management Plan and Scheduling Order, Dkt. No. 205.)  Although Cappiello objected to the handful of invocations of the Fifth Amendment during John Doe's deposition, Cappiello's current motion states no good cause for reopening discovery after he waited over three years to pursue that objection and move to compel an additional deposition.  *Cf. Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (stating that whether good cause exists "depends on the diligence of the moving party").

Cappiello's delay in seeking to reopen John Doe's deposition alone warrants denial of the request.  *E.g.*, *Pyke v. Cuomo*, 92 Civ. 554, 2004 U.S. Dist. LEXIS 8318, at *12 (N.D.N.Y. May 12, 2004) (rejecting request for order compelling further depositions because it was "untimely and [movants] have not established good cause to extend the applicable deadlines"); *NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd.*, 262 F. Supp. 2d 134, 151 (S.D.N.Y. 2003) (denying motion to reopen discovery, including to take a second deposition, because the movants "never requested an extension of the discovery deadline" and should have "made any discovery motion prior to the deadline for the completion of discovery"); *King v. Friend of Farmer, Inc.*, 97 Civ. 9264, 2000 U.S. Dist. LEXIS 3538, at *3–4 (S.D.N.Y. Mar. 17, 2000) (denying motion to reopen discovery because, "[a]bsent some explanation for [movants'] delay, the Court does not conclude that there is 'good cause' within the meaning of Rule 16(b) to modify the scheduling order").  Indeed, this Court's individual rules, to which the scheduling order refers (*see* Dkt. No. 205 at 3),

7

provide in paragraph 1.E that, "[a]bsent extraordinary circumstances, requests for extensions will be denied if not made before the expiration of the original deadline."

### III. Additional Evidentiary Requests Noted But Not Briefed by Cappiello

Cappiello's motion notes additional evidentiary rulings that he intends to seek but has not yet briefed, explaining that he "is briefing further at this juncture only the motions seeking to introduce evidence of Doe's prior crimes, and his refusal to respond to questions based on his Fifth Amendment rights." (Cappiello Mot. at 5 n.4.)  Plaintiffs understand Cappiello's note to mean that he seeks to preserve his right to later move for and brief these issues, and Plaintiffs respectfully request an opportunity to respond to and brief these additional evidentiary issues if and when Cappiello seeks formally to move for and brief them, to the extent the parties are unable to resolve the issues without requiring the Court's assistance.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Cappiello's motions in limine.

Dated:      New York, New York
            December 23, 2019

                                            Respectfully submitted,

                                            By:      /s/ Nathan S. Richards

Nathan S. Richards                          Blair R. Albom
Michael B. Mukasey                          Robert S. Smith
DEBEVOISE & PLIMPTON LLP                    FRIEDMAN KAPLAN SEILER &
919 Third Avenue                            ADELMAN LLP
New York, New York  10022                   7 Times Square
(212) 909-6000                              New York, New York  10036
                                            (212) 833-1183

Karena Leslie Rahall
OFFICE OF THE APPELLATE
DEFENDER
11 Park Place, Suite 1601

New York, New York  10007
(212) 402-4100

*Attorneys for Plaintiffs*