UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN DOE, et al.

                                        Plaintiffs,

                -against-                      14-CV-2953 (PAE)

JOSEPH LIMA, et al.

                                       Defendants.

------------------------------------------------------------------X

# REPLY IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF JOHN DOE'S CONVICTIONS

Nathan S. Richards
Michael B. Mukasey
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

Karena Leslie Rahall
OFFICE OF THE APPELLATE DEFENDER
11 Park Place, Suite 1601
New York, New York 10007
(212) 402-4100

Blair R. Albom
Robert S. Smith
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, New York 10036
(212) 833-1100

*Attorneys for Plaintiffs*

Plaintiffs respectfully submit this reply in support of their motion for an order excluding at the damages trial evidence of or reference to John Doe's Convictions (the "Convictions").[1]

## I. John Doe's Convictions Should Not Be Admitted to Calculate Damages

Defendants' contention that evidence of the Convictions is necessary to calculate damages ignores the undisputed factual record.[2]  It is premised on speculation that even had Doe's parole officers appropriately considered Plaintiffs' rights, the fact of the Sex-Offense Conviction nevertheless "would have necessitated" restrictions on contact.  (Dkt. 353 at 1).  This conjecture contradicts what actually occurred, and no rational juror could agree with it.  In each of the two instances in which parole officers properly considered whether Doe posed any threat to M.S. (Scott in February 2013 and Hogan in May 2014), Doe was permitted full contact.  *Doe v. Lima*, 270 F. Supp. 3d 684, 694, 698 (S.D.N.Y. 2017).  Those determinations reflected the overwhelming evidence that M.S. was safe with Doe.  *See id.* at 705–07.

Even if Defendants' contention had factual support, in no event would it warrant introduction of the Convictions.  Were Defendants to propose specific limitations that they argue parole would and could have imposed (which they have not done), the Court could assess their plausibility and constitutionality based on the "almost entirely undisputed" record.  *Id.* at 704.  If a sufficient factual basis existed for a finding that any such limitation would and could have been lawfully implemented, the Court can instruct the jury accordingly, and thus avoid the prejudice, confusion, and delay that would result from permitting Defendants to re-litigate liability at trial.

## II. Evidence of the Convictions Should Not Be Admitted for Impeachment

Cappiello's argument that the Convictions should be admitted to impeach Doe ignores unfair prejudice and overstates the Convictions' probative value.  The proponent of Rule 609

---

[1] Unless noted otherwise, capitalized terms used here have the same meaning as in Plaintiffs' Motion in Limine.
[2] Cappiello's request to introduce an expert on this issue (Dkt. 350 at 3) violates the scheduling order, under which expert discovery concluded in 2016 (Dkt. 205, 219), and Rule 702, because it does not require expertise.

evidence "has the burden of showing" that its probative value is "properly balanced against its prejudicial effect," 4 *Weinstein's Federal Evidence* § 609.21, yet Cappiello does not even attempt to balance the prejudice that admission of the Convictions would cause.  To the contrary, he reiterates his intent to use them to improperly argue that the jury "should not consider [Doe] … an upstanding citizen who has led the life of a loving parent and guardian." (Dkt. 355 at 6–7).

Cappiello concedes that the "general body of authority disfavor[s] admission of violent crimes and sex offenses to attack credibility" and acknowledges that, based on the "name of the offense," the Convictions have minimal impeachment value.  (*Id.* at 2–3.)  But he proposes mini-trials into the particulars of Doe's offenses, which Cappiello claims—based on speculation and a prosecutor's summation—are probative of credibility.[3]  He disregards that Rule 609 evidence is generally limited to the "essential facts" of the conviction, *United States v. Estrada*, 430 F.3d 606, 616 (2d Cir. 2005), and that it often is improper to admit details of an offense beyond that "necessary to establish a criminal conviction," *United States v. Tomaiolo*, 249 F.2d 683, 687 (2d Cir. 1957); 4 *Weinstein's Federal Evidence* § 609.20 (impeaching party is usually limited to establishing name of the offense, date of conviction, and sentence).  Indeed, the same treatise that *Estrada* quotes in the paragraph Cappiello restates (while omitting the citation) advises that, "[w]hen the witness is a party …, bringing out details [of the offense] injects unfair prejudice that courts should prevent under FRE 403."  Christopher B. Mueller et al., *Evidence* § 6.34 at 566 (5th ed. 2018).  He also ignores that whatever probative value once existed has diminished in the 32 years since the 1988 Robbery Conviction and the 16 years since the 2004 Sex-Offense Conviction, and that Rule 609(d) bars use of the 1981 Robbery Conviction.  (Dkt. 345 at 6–7.)

---

[3] Whether Doe's alleged conduct underlying the Sex-Offense Conviction was "deceptive[] and manipulative"—as Cappiello claims (Dkt. 355 at 6)—or "forcible"—as the same prosecutor he cites contended (Dkt. 356, Ex B. at 454)—was not determinative of the jury's verdict (*e.g.*, *id.* (arguing that the jury could find guilt simply because "he is a man and he cannot have sex with a child")).

2

III.   **Cappiello's Additional Requested Evidentiary Rulings**

In addition to responding to Plaintiffs' motion, Cappiello's opposition requests additional evidentiary rulings.  Further, Cappiello has informed Plaintiffs that he is pursuing now the issues noted in his own motion but not briefed at that "juncture."  Plaintiffs thus respond briefly to those requests here and are available to brief them further if it would benefit the Court:

- Cappiello's requests to impeach Doe with evidence of purported (i) inaccurate statements at Doe's deposition (Dkt. 355 at 7–9); (ii) inconsistent statements to the parole board (*id.* at 9–10); (iii) use of an alias upon arrest (Dkt. 350 at 4); and (iv) intent to seek excess foster-care benefits (*id.*) each should be denied under Rule 608(b), which precludes admission of extrinsic evidence to prove specific instances of a witness's conduct in order to attack credibility.

- To the extent Cappiello requests solely to cross-examine Doe on these topics, the first should still be denied because it is a prejudicial end-run around Rule 609, and no foundation for such questions could be established without violating Rule 608(b).  *See, e.g.*, *Hango v. Royall*, 466 F. App'x 30, 34 (2d Cir. 2012) (affirming refusal to permit cross-examination on alleged false deposition testimony because it would require improper use of extrinsic evidence).  Plaintiffs do not contest cross-examination on the second, provided it is limited to whether Doe made inconsistent statements about maintaining innocence for the offense for which he was on parole, without permitting such questioning to reference or ask about the underlying Sex-Offense Conviction.  Inquiry into the third and fourth topics should be denied under Rule 403; each is alleged to have occurred decades ago and would cause unfair prejudice by suggesting criminality beyond mere character for truthfulness.

- Cappiello's request for a jury award that "is not joint and several among the tortfeasors" (Dkt. 350 at 4) is unnecessary.  It is uncontested that Cappiello was personally involved in the first but not second period of deprivation, and the jury can be instructed to specify separate awards for each period.

- As to Cappiello's remaining requests (*id.* at 4–5), Plaintiffs do not expect to request that: (i) attorneys' fees factor into computation of damages; (ii) they be permitted to refer to the defense as state attorneys or to indemnification, provided that defendants do not suggest an inability to pay damages; or (iii) they be permitted to request a specific amount of non-economic damages, although Plaintiffs reserve the right to present evidence regarding specific amounts of economic, out-of-pocket damages.

Dated:       New York, New York
             January 9, 2020

                                        Respectfully submitted,

                                        By:      /s/ Nathan S. Richards

3

Nathan S. Richards
Michael B. Mukasey
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
(212) 909-6000

Karena Leslie Rahall
OFFICE OF THE APPELLATE
DEFENDER
11 Park Place, Suite 1601
New York, New York  10007
(212) 402-4100

Blair R. Albom
Robert S. Smith
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, New York  10036
(212) 833-1183

*Attorneys for Plaintiffs*