UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE and JANE DOE, Individually and on behalf of
M.S. an Infant, as Next Friends,

Plaintiffs,

-v-

JOSEPH LIMA, Bureau Chief of the Manhattan VI Area
Office of the New York State Division of Parole; Parole
Officer EMILY SCOTT; Parole Officer SIMON VALERIO;
Senior Parole Officer RICHARD ROSADO; and Senior
Parole Officer JAMES CAPPIELLO,

Defendants.

14 Civ. 2953 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiffs John Doe and Jane Doe, individually and on behalf of their child, M.S.,

filed this action on April 25, 2014, pursuant to 42 U.S.C. § 1983, alleging violations of their

constitutional rights to substantive due process, freedom of association, and procedural due

process. Defendants, who at all relevant times were parole officers with the New York State

Department of Corrections and Community Services ("DOCCS"), each participated in these

constitutional violations.

On July 17, 2014, the Court referred this action to Judge Cott for a settlement

conference, but the parties did not reach an agreement. Dkts. 79, 99.

On August 31, 2017, the Court granted plaintiffs summary judgment as to liability on

each of their claims and denied defendants qualified immunity. *See Doe v. Lima*, 270 F.

Supp. 3d 684 (S.D.N.Y. 2017). The Second Circuit affirmed this decision in all respects.

*See Doe v. Cappiello*, 758 F. App'x 181 (2d Cir. 2019).

All that remains to be decided in this action is the damages to which plaintiffs are entitled.  On July 21, 2020, the Court held a pre-trial conference at which both the plaintiffs and defendants expressed a desire to settle the case and thereby avoid the costs associated with a jury trial solely on the issue of damages.  Dkt. 399.  Especially in light of the ongoing COVID-19 pandemic—and the attendant risk that the trial currently scheduled for March 2021 may be continued to a later date, creating further uncertainty, delay, and expense—the parties, as well as the Court, share the goal of resolving this dispute without the need for further court proceedings.  *See United States v. Glen Falls Newspapers, Inc.*, 160 F.3d 853, 856 (2d Cir. 1998) ("[A] principal function of the trial judge is to foster an atmosphere of open discussion among the parties' attorneys and representatives so that litigation may be settled promptly and fairly so as to avoid the uncertainty, expense, and delay inherent in a trial.").

However, the Court also understands that decision-making with respect to the resolution of this litigation does not rest with the parties alone.  Under New York law, the defendants are entitled to indemnification by New York State for the amount of any settlement of claim arising from actions within the scope of their public employment.  *See* N.Y. Pub. Off. L. § 17(3)(a).  In order to obtain the benefit of this indemnification for a specific settlement, state employees must obtain both a certification from DOCCS and then the approval of the New York Attorney General ("NYAG"), who "shall give [her] approval if in [her] judgment the settlement is in the best interest of the state."  *Id.* § 17(b)(3).  Thus, although neither DOCCS nor the NYAG are parties to this proceeding, their participation is necessary to the settlement process set forth in N.Y. Pub. Off. L. § 17.

The Court therefore strongly encourages representatives from DOCCS and the NYAG with authority to review, certify, and approve settlement agreements to attend a settlement conference to be held by Judge Cott.  Such representatives are implored to participate meaningfully in discussions concerning the State's interests in bringing this years-long proceeding to an expedient end, especially in light of the fact that liability has already been determined and the only issue remaining in the case is the amount of damages.  The Court makes this recommendation also in deference to the principles reflected in Rule 5 of Judge Cott's *Standing Order for All Cases Referred for Settlement*, which requires that settlement conferences be attended by persons possessing settlement authority over a case whenever a party "is not a natural person."  *See also* 28 U.S.C. § 473(b)(5) (contemplating rules compelling the attendance of party representatives with settlement authority at settlement conferences); Fed. R. Civ. P. 16(c)(1) (authorizing courts to require the same).

Accordingly, it is hereby ordered that:

(1)     The Court's 2014 order referring the case to Judge Cott for settlement negotiations, Dkt. 79, is renewed (an amended order of reference will follow this order);

(2)     Counsel for each defendant are directed to attend such settlement negotiations; and

(3)     Defendants are directed to provide a copy of this order to the appropriate personnel, at DOCCS and the NYAG, with authority to participate in settlement discussions and approve a settlement on behalf of New York State.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 18, 2020
        New York, New York

3