USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN DOE, *et al.*,

                Plaintiffs,                **ORDER**

     -v-                                           14-CV-2953 (PAE) (JLC)

JOSEPH LIMA, *et al.*,

                Defendants.
------------------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      In scheduling the upcoming settlement conference in this case (Dkt. No. 413), the Court directed defendants to provide a copy of its scheduling order to the appropriate personnel at DOCCS and the Office of the Attorney General with authority to participate in settlement discussions and ultimately approve a settlement (given that defendants are entitled to indemnification by New York State). The Court has received a letter from Assistant Attorney General Rebecca Ann Durden (Dkt. No. 414) advising the Court that her Office "will not be in a position to approve any settlement" at the time of the settlement conference. The Court does not read AAG Durden's letter to suggest that she will not be attending the conference (nor does it say as much). In avoidance of any doubt, however, <u>the Court directs AAG Durden, and a representative of DOCCS as well, to attend the telephonic settlement conference on October 15.</u> Having finally received and now reviewed all of the settlement submissions from the parties (which were submitted several days late by defendants), the Court has concluded that it is essential to have the participation of both OAG and DOCCS at the conference in order to advance the settlement process. The Court is mindful that there is a process, under the Public Officers Law, for any settlement approval and no agreement can therefore be reached at the conference. Nonetheless, while it is rare, there are cases where non-parties must be required to attend a settlement conference (especially where that non-party is the ultimate decision-maker with respect to settlement, as here). This is one of those cases where exceptional circumstances exist and if OAG and DOCCS representatives do not attend, that would "frustrate . . . the proper administration of justice" as contemplated by the All Writs Act, 28 U.S.C. sec. 1651. *See, e.g., Yonkers Racing Corp. v. City of Yonkers,* 858 F.2d 855, 863 (2d Cir. 1988) (exceptional circumstances authorized issuance of All Writs Act order to non-party to prevent frustration of prior court orders); *Pate v. Winn-Dixie Stores., Inc.*, 2015 WL 1097394, at *3 (S.D. Ga. Mar. 11, 2015) (ordering non-party insurer to appear at settlement conference).

      **SO ORDERED.**

Dated: October 13, 2020
       New York, New York

                                            _____
                                            JAMES L. COTT
                                            United States Magistrate Judge