UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

JOHN DOE and JANE DOE, Individually
and on behalf of M.S., an Infant, as Next
Friends,

                              Plaintiffs,                     14-CV-2953 (PAE) (JLC)

- vs. –

PAMELA LIMA, as Representative of the          **SETTLEMENT AGREEMENT,**
Estate of JOSEPH LIMA, Bureau Chief of       **GENERAL RELEASE AND**
the Manhattan VI Area Office of the New       **ORDER OF DISMISSAL**
York State Division of Parole; Parole
Officer EMILY SCOTT; Parole Officer
SIMON VALERIO; Senior Parole Officer
RICHARD ROSADO; and Senior Parole
Officer JAMES CAPPIELLO,

                              Defendants.
-----------------------------------------------------x

      THIS SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF

DISMISSAL ("Stipulation of Settlement") is made by and between Plaintiffs John Doe and

Jane Doe, individually and on behalf of M.S., an infant (collectively "Plaintiffs") and

Defendants Pamela Lima, as Representative of the Estate of Joseph Lima, Bureau Chief of

the Manhattan VI Area Office of the New York State Division of Parole, Parole Officer Emily

Scott, Parole Officer Simon Valerio, Senior Parole Officer Richard Rosado and Senior Parole

Officer James Cappiello (collectively, "Defendants") as follows:

      **WHEREAS**, Plaintiffs filed their First Amended Complaint against Defendants in

the above-captioned action ("the Action") on or about September 4, 2014, alleging that,

pursuant to 42 U.S.C. § 1983, Defendants violated Plaintiffs' constitutional rights to

substantive due process, freedom of association, and procedural due process by depriving Plaintiff John Doe from having any contact with his infant son, Plaintiff M.S., during two separate periods that together lasted approximately 13 months; and,

**WHEREAS**, on July 15, 2015, the Court denied Defendants' motions to dismiss Plaintiffs' claims; and

**WHEREAS**, Defendants thereafter answered the First Amended Complaint, and expressly denied any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and,

**WHEREAS**, on August 31, 2017, the Court entered summary judgment for Plaintiffs as to liability on their claims against Defendants; and,

**WHEREAS**, on February 21, 2019, the Second Circuit on interlocutory appeal affirmed the judgment of the Court denying Defendants' defense of qualified immunity; and,

**WHEREAS**, a jury trial is pending to determine the amount of compensatory damages owed to Plaintiffs; and,

**WHEREAS**, Plaintiffs and Defendants wish to fully resolve the claims alleged in the First Amended Complaint, and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other forum, and without admission of fault or liability, and have negotiated in good faith for that purpose; and,

**WHEREAS**, except for Plaintiff M.S., none of the Plaintiffs nor any of the Defendants is an infant or incompetent person, and the infant settlement will be addressed separately in a manner prescribed by local rules; and,

**WHEREAS**, no person not a party to this Stipulation of Settlement has an interest in the subject matter of the Action; and,

**WHEREAS**, Plaintiffs represent and warrant that they have no other action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit; and,

**NOW THEREFORE**, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation of Settlement, Plaintiffs and Defendants hereby agree as follows:

## 1. Dismissal of the Action With Prejudice

This Stipulation of Settlement will resolve all of Plaintiffs' claims in the above-captioned Action, which is currently pending before the Honorable Paul A. Engelmayer in the United States District Court for the Southern District of New York. The Action, and all claims asserted therein, are dismissed with prejudice against all Defendants pursuant to Fed. R. Civ. P. 41(a)(l)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Stipulation of Settlement.

## 2. Payment to Plaintiffs

In full consideration of Plaintiffs' execution of this Stipulation of Settlement, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other liens/setoffs as set forth in Paragraphs 6 and 8, the State of New York, on behalf of Defendants, shall pay the gross amount of Five Hundred Thousand Dollars ($500,000.00) to Plaintiffs, in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiffs have, had, or may have against the Defendants, whether in their individual or official capacities, New York State

3

Department of Corrections and Community Supervision ("DOCCS"), the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees or agents, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Stipulation of Settlement, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiffs for any and all counsel who have assisted Plaintiffs or at any time represented Plaintiffs in the Action or in connection with any other proceeding, administrative, judicial, or otherwise.

Since the State of New York, on behalf of Defendants, shall make the payment to Plaintiffs in the sum of Five Hundred Thousand Dollars ($500,000.00), an IRS Form 1099 shall be issued. This payment is in full and complete satisfaction of 1) any and all claims for damages incurred by Plaintiffs that were or could have been the subject of any claim by Plaintiffs in the Action, as well as in connection with any other proceeding, administrative, judicial or otherwise, including any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted by Plaintiffs in the Action; and 2) any and all claims, purported claims, allegations, or causes of action for attorney fees, costs, disbursements, and expenses incurred by Plaintiffs for any and all legal counsel who have at any time represented Plaintiffs in the Action or in connection with any other proceeding, administrative, judicial or otherwise, or any other claim or action by Plaintiffs arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted by Plaintiffs in the Action. The foregoing payment shall be made in a single check payable to ▮▮▮▮▮▮▮▮▮▮ and mailed to their counsel Blair R. Albom at Friedman Kaplan Seiler & Adelman LLP, 7 Times Square, 28th Floor, New York, NY 10036.

4

3.    **State Approval of Payments**

Payment of the settlement amount specified in Paragraph 2 of this Stipulation of Settlement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiffs and Plaintiffs' attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. In the event such approval is not obtained, this Stipulation of Settlement shall be null, void, and of no further force and effect, and Defendants shall not object to the reopening of the Action before Judge Engelmayer.

4.    **Accrual of Interest**

In the event that payment of the settlement amount specified in Paragraph 2 of this Stipulation of Settlement has not been made by the one hundred twentieth (120th) day after the receipt by the Office of the Attorney General of a "So Ordered" copy of this Stipulation of Settlement, entered on the docket by the Clerk of the Court, together with all other requested documentation required under Paragraphs 3 and 7 of this Stipulation of Settlement, interest on any part of the settlement amount not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt of all required documentation by the Office of the Attorney General of all documentation required under Paragraphs 3 and 7 of this Stipulation of Settlement, unless the provisions of Executive Law Section 632-a apply to Plaintiffs and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days with respect to the first check to allow for compliance with that law.

5. **Liability of Plaintiffs for Taxes**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Stipulation of Settlement shall be the sole and complete responsibility of Plaintiffs, and that Plaintiffs shall have no claim, right or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiffs agree that they will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

6. **Liability of Plaintiffs for Liens and Setoffs**

Plaintiffs agree that neither Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their current or former officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Stipulation of Settlement. Plaintiffs shall have no claim, right, or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens or setoffs, and agree that they will defend, indemnify, and hold harmless

Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens or setoffs.

**7.      Medicare Certification**

Plaintiffs acknowledge and understand that Section 111 of the Medicare, Medicaid, and SCHIP Extension Action of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b) mandates that the State of New York and the Office of the Attorney General ("OAG") report information to Medicare regarding settlements, judgments, awards, or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agree to deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affidavit") to the Office of the Attorney General. Plaintiffs acknowledge and understand that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 2, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 3 and 4 of this Stipulation of Settlement.

**8.      Liability of Plaintiffs for Any Medicare Payments or Medicare Liens**

Plaintiffs agree to defend, indemnify, and hold harmless DOCCS or the State of New York, or any of the State's offices, agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, DOCCS and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a

payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Stipulation of Settlement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amounts specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

**9.      General Release**

In consideration of the payment of the sum recited in Paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby release and forever discharge each of the Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Stipulation of Settlement that are related to or arise out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint in the Action or are claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel,

defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law relating to the violations of Plaintiffs' constitutional rights to substantive due process, freedom of association, and procedural due process that are alleged in the Action.

### 10.   **No Other Action or Proceeding Commenced**

Other than the Action, Plaintiffs represent and warrant that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint in the Action against Defendants, DOCCS, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledge that this representation constitutes a material inducement for Defendants to enter into this Stipulation of Settlement.

### 11.   **No Other Attorney**

Plaintiffs represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiffs pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Plaintiffs agree to defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions

thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiffs in the Action or in connection with any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action.

## 12.    **No Prevailing Party**

Neither Plaintiffs nor Defendants shall be deemed a "prevailing party" in the Action for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

## 13.    **Successors and Assigns**

The terms and conditions of this Stipulation of Settlement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

## 14.    **Authority**

Each signatory to this Stipulation of Settlement hereby represents and warrants that he or she has the requisite authority to enter into this Stipulation of Settlement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation of Settlement.

## 15.    **Voluntary Agreement**

The parties hereto execute and deliver this Stipulation of Settlement voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect. The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney and that they have been represented by counsel of their own choosing before agreeing to any settlement or release, and no

compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or anyone acting on behalf of such party.

### 16.   <u>No Admission of Liability</u>

It is understood and agreed that this Stipulation of Settlement and the actions taken or payment made pursuant hereto are not to be construed as constituting any admission of wrongdoing or liability on the part of the Defendants, the State of New York, DOCCS, or any of their current and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities. Nothing contained in this Stipulation of Settlement shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities.

### 17.   <u>No Precedential Value</u>

This Stipulation of Settlement shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Stipulation of Settlement shall not bind or collaterally estop Defendants, DOCCS or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

18. **<u>Entire Agreement</u>**

This Stipulation of Settlement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Stipulation of Settlement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

19. **<u>Governing Law</u>**

The terms of this Stipulation of Settlement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiffs' release and waiver of federal claims pursuant to this Stipulation of Settlement.

20. **<u>Severability</u>**

With the exception of Paragraphs 1, 3, 7, 9, 10 and 12 of this Stipulation of Settlement, if any other provision of this Stipulation of Settlement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

21. **<u>Headings</u>**

The headings contained in this Stipulation of Settlement are for convenience of reference only and are not a material part of this Stipulation of Settlement.

22. **<u>Submission to the Court</u>**

This Stipulation of Settlement shall be submitted without further notice to the Court to be "So Ordered."

23.    **Execution**

This Stipulation of Settlement may be executed in any number of counterparts, all of which taken together shall constitute one Stipulation of Settlement and may be executed by facsimile signature and facsimile notary seal.

24.    **Authority to Sign Agreement**

The parties and the signatories to this Stipulation of Settlement represent and warrant that the signatories executing this Stipulation of Settlement on behalf of each party have full authority to do so and to make the representations, warranties, and agreements contained herein.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Stipulation of Settlement and accept and agree to the provisions contained herein and have each executed this Stipulation of Settlement to be effective on the day and date indicated below.

Dated: New York, New York
  April   __21__  , 2021

Blair Ruth Albom, Esq.
*Attorneys for Plaintiffs*
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, New York 10036
Telephone: (212) 833-1100
Fax: (212) 373-1983
Email: balbom@fklaw.com

Dated: New York, New York
  April _____, 2021

Nathan Samuel Richards, Esq.
*Attorneys for Plaintiffs*
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Email: nsrichards@debevoise.com

13

23. **Execution**

This Stipulation of Settlement may be executed in any number of counterparts, all of which taken together shall constitute one Stipulation of Settlement and may be executed by facsimile signature and facsimile notary seal.

24. **Authority to Sign Agreement**

The parties and the signatories to this Stipulation of Settlement represent and warrant that the signatories executing this Stipulation of Settlement on behalf of each party have full authority to do so and to make the representations, warranties, and agreements contained herein.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Stipulation of Settlement and accept and agree to the provisions contained herein and have each executed this Stipulation of Settlement to be effective on the day and date indicated below.

Dated: New York, New York
   April _____, 2021

        _____
        Blair Ruth Albom, Esq.
        *Attorneys for Plaintiffs*
        Friedman Kaplan Seiler & Adelman LLP
        7 Times Square
        New York, New York 10036
        Telephone: (212) 833-1100
        Fax: (212) 373-1983
        Email: balbom@fklaw.com

Dated: New York, New York
   April  21 , 2021

        _____
        Nathan Samuel Richards, Esq.
        *Attorneys for Plaintiffs*
        Debevoise & Plimpton LLP
        919 Third Avenue
        New York, New York 10022
        Telephone: (212) 909-6000
        Email: nsrichards@debevoise.com

Dated: New York, New York
     April ~~21~~_____, 2021

_____
Karena Rahall, Esq.
*Attorneys for Plaintiffs*
Office of the Appellate Defender
11 Park Place
New York, New York 10007
Telephone: (212) 402-4100
Email: krahall@oadnyc.org


Dated: New York, New York
     April _____, 2021

_____
Edward M. Kratt PLLC
*Attorneys for Defendant Richard Rosado*
100 Lafayette Street, Suite 501
New York, NY 10013
Of counsel to
Hammock & Sullivan PC
Attorneys for Richard Rosado
154-08 Northern Blvd., Suite 2G
Flushing, NY 11354
Telephone: (212) 941-1277
Fax: (212) 274-1189
Email: edkratt@verizon.net


Dated: New York, New York
     April _____, 2021

_____
Goetz Liebnitz Vilsaint, Esq.
*Attorneys for Defendant Emily Scott*
Law Office of Goetz L. Vilsaint
930 Grand Concourse, Suite 1B
Bronx, New York 10451
Telephone: (718) 293-2941
Fax: (718) 410-7776
Email: glvesq@aol.com


Dated: New York, New York
     April _____, 2021

_____
Robert A. Soloway, Esq.
*Attorneys for Defendant James Cappiello*
Rothman, Schneider, Soloway & Stern, LLP
100 Lafayette Street, Suite 501
New York, New York 10013
Telephone: (212) 571-5500
Fax: (212) 571-5507
Email: rsoloway@rssslaw.com

14

Dated: New York, New York
      April _____, 2021

                        Karena Rahall, Esq.
                        *Attorneys for Plaintiffs*
                        Office of the Appellate Defender
                        11 Park Place
                        New York, New York 10007
                        Telephone: (212) 402-4100
                        Email: krahall@oadnyc.org

Dated: New York, New York
      April \_\_2\_1\_\_, 2021

                        s/ Edward M Kratt
                        Edward M. Kratt PLLC
                        *Attorneys for Defendant Richard Rosado*
                        100 Lafayette Street, Suite 501
                        New York, NY 10013
                        Of counsel to
                        Hammock & Sullivan PC
                        Attorneys for Richard Rosado
                        154-08 Northern Blvd., Suite 2G
                        Flushing, NY 11354
                        Telephone: (212) 941-1277
                        Fax: (212) 274-1189
                        Email: edkratt@verizon.net

Dated: New York, New York
      April _____, 2021

                        Goetz Liebnitz Vilsaint, Esq.
                        *Attorneys for Defendant Emily Scott*
                        Law Office of Goetz L. Vilsaint
                        930 Grand Concourse, Suite 1B
                        Bronx, New York 10451
                        Telephone: (718) 293-2941
                        Fax: (718) 410-7776
                        Email: glvesq@aol.com

Dated: New York, New York
      April _____, 2021

                        Robert A. Soloway, Esq.
                        *Attorneys for Defendant James Cappiello*
                        Rothman, Schneider, Soloway & Stern, LLP
                        100 Lafayette Street, Suite 501
                        New York, New York 10013
                        Telephone: (212) 571-5500
                        Fax: (212) 571-5507
                        Email: rsoloway@rssslaw.com

14

Dated: New York, New York
    April _____, 2021

                _____
                Karena Rahall, Esq.
                *Attorneys for Plaintiffs*
                Office of the Appellate Defender
                11 Park Place
                New York, New York 10007
                Telephone: (212) 402-4100
                Email: krahall@oadnyc.org

Dated: New York, New York
    April _____, 2021

                _____
                Edward M. Kratt PLLC
                *Attorneys for Defendant Richard Rosado*
                100 Lafayette Street, Suite 501
                New York, NY 10013
                Of counsel to
                Hammock & Sullivan PC
                Attorneys for Richard Rosado
                154-08 Northern Blvd., Suite 2G
                Flushing, NY 11354
                Telephone: (212) 941-1277
                Fax: (212) 274-1189
                Email: edkratt@verizon.net

Dated: New York, New York
    April _21_, 2021

                _____
                Goetz Liebnitz Vilsaint, Esq.
                *Attorneys for Defendant Emily Scott*
                Law Office of Goetz L. Vilsaint
                909 Sheridan Avenue, Suite 4
                Bronx, New York 10451
                Telephone: (718) 293-2941
                Fax: (718) 410-7776
                Email: glvesq@aol.com

Dated: New York, New York
    April _____, 2021

                _____
                Robert A. Soloway, Esq.
                *Attorneys for Defendant James Cappiello*
                Rothman, Schneider, Soloway & Stern, LLP
                100 Lafayette Street, Suite 501
                New York, New York 10013
                Telephone: (212) 571-5500
                Fax: (212) 571-5507
                Email: rsoloway@rssslaw.com

Dated: New York, New York
    April _____, 2021

                          _____

                          Karena Rahall, Esq.
                          *Attorneys for Plaintiffs*
                          Office of the Appellate Defender
                          11 Park Place
                          New York, New York 10007
                          Telephone: (212) 402-4100
                          Email: krahall@oadnyc.org

Dated: New York, New York
    April _____, 2021

                          _____

                          Edward M. Kratt PLLC
                          *Attorneys for Defendant Richard Rosado*
                          100 Lafayette Street, Suite 501
                          New York, NY 10013
                          Of counsel to
                          Hammock & Sullivan PC
                          Attorneys for Richard Rosado
                          154-08 Northern Blvd., Suite 2G
                          Flushing, NY 11354
                          Telephone: (212) 941-1277
                          Fax: (212) 274-1189
                          Email: edkratt@verizon.net

Dated: New York, New York
    April _____, 2021

                          _____

                          Goetz Liebnitz Vilsaint, Esq.
                          *Attorneys for Defendant Emily Scott*
                          Law Office of Goetz L. Vilsaint
                          930 Grand Concourse, Suite 1B
                          Bronx, New York 10451
                          Telephone: (718) 293-2941
                          Fax: (718) 410-7776
                          Email: glvesq@aol.com

Dated: New York, New York
    April __21__, 2021

                          Robert A. Soloway, Esq.
                          *Attorneys for Defendant James Cappiello*
                          Rothman, Schneider, Soloway & Stern, LLP
                          100 Lafayette Street, Suite 501
                          New York, New York 10013
                          Telephone: (212) 571-5500
                          Fax: (212) 571-5507
                          Email: rsoloway@rssslaw.com

Dated: New York, New York
     April _21_, 2021

Lawrence H. Schaefer, Esq.
*Attorneys for Defendants Joseph Lima*
*and Simon Valerio*
Lippes Mathias Wexler Friedman LLP
54 State Street, Suite 1001
Albany, New York 12207
Telephone: (518) 462-0110
Fax: (518) 462-5260
Email: lschaefer@lippes.com

15

Dated: New York, New York
    April ___ 21 ___, 2021

                                                         Plaintiff

           New Jersey
STATE OF ~~NEW YORK~~    )
                         ) ss.:
COUNTY OF  Bergen   )

                                 ELVALINA A CABRERA
                        Notary Public – State of New Jersey
                    My Commission Expires Jan 19, 2022

On the  21  day of  April , 2021, a Notary Public in and for said State, personally appeared_____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

Dated: April 21, 2021 _____

                                  Notary Public

Dated: New York, New York
    April _____, 2021

                                            Plaintiff

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF        )

On the _____ day of _____, 2021, a Notary Public in and for said State, personally appeared_____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

Dated: _____

                                  Notary Public

**IT IS SO ORDERED.**

Dated:  New York, New York
    April _____, 2021

                              Honorable Paul A. Engelmayer
                              United States District Judge

16

Dated: New York, New York
      April _____, 2021

                                      ▮▮▮▮▮▮ Plaintiff

STATE OF NEW YORK      )
                            ) ss.:

COUNTY OF             )

On the ____ day of _____, 2021, a Notary Public in and for said State, personally appeared_____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

Dated: _____

                                Notary Public

Dated: New York, New York
      April _21_, 2021

                                  ▮▮▮▮▮▮▮ Plaintiff

STATE OF ~~NEW YORK~~ CONNECTICUT  )
                            ) ss.: STRATFORD
COUNTY OF FAIRFIELD  )

On the 21 day of APRIL , 2021, a Notary Public in and for said State, personally appeared ▮▮▮▮▮▮▮▮ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

Dated: 04/21/2021

                                  Notary Public

ROBERT J VOGEL
Notary Public
Connecticut
My Commission Expires Jun 30, 2025

**IT IS SO ORDERED.**

                                  Honorable Paul A. Engelmayer
Dated: New York, New York         United States District Judge
      April _____, 2021

16